IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MICHAEL BRENNAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case Number: CIV-17-917-HE |
| | ) |
| (1) RENT RECOVERY SOLUTIONS, LLC, | ) COMPLAINT |
| | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, Michael Brennan, and for his Complaint against Defendant, Rent Recovery Solutions, LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Rent Recovery Solutions, LLC for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Moore, County of Cleveland, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and

sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Atlanta, Georgia.

10. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. On September 9, 2016, Defendant sent correspondence to Plaintiff seeking and demanding payment for an alleged defaulted consumer debt.

13. On September 16, 2016, Plaintiff sent a letter to Defendant advising Defendant that he refused to pay the alleged debt pursuant to 15 U.S.C. §1692c(c).

14. Pursuant to 15 U.S.C. §1692c(c), after Defendant received Plaintiff's written notice, Defendant may not further communicate with Plaintiff regarding the debt, except only for limited purposes, such as to advise Plaintiff that Defendant is ceasing communications or notifying Plaintiff that Defendant is invoking a certain remedy, like filing a lawsuit.

15. Defendant received Plaintiff's correspondence on September 20, 2016.

16. On or about September 21, 2016, Defendant sent a new collection letter to Plaintiff acknowledging receipt of Plaintiff's letter, and again seeking payment for the alleged debt and advising him to call them to set up a payment.

17. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Defendant violated §1692c(c) of the FDCPA by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

**WHEREFORE**, Plaintiff, Michael Brennan, respectfully prays that judgment be entered against Defendant, Rent Recovery Solutions, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
3217@paramount-law.net